UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN WALSH and BARBARA WALSH,

                Plaintiffs,

    -against-

KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V.
a/k/a KLM ROYAL DUTCH AIRLINES,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**AMENDED COMPLAINT**

**Trial by Jury Demanded**

CIVIL ACTION NO.:09 CIV1803

    Plaintiffs, BRIAN WALSH and BARBARA WALSH, through their attorneys, KELLY & MEENAGH, LLP, complaining of the defendant, respectfully allege as follows:

    1.    Jurisdiction exists pursuant to 28 U.S.C. Sections 1331, 1332 and 1367.

    2.    Plaintiffs, BRIAN WALSH and BARBARA WALSH, were and still are residents of the Town of Hopewell Junction, County of Dutchess, State of New York.

    3.    Plaintiffs, BRIAN WALSH and BARBARA WALSH, are, and have at all times mentioned herein been, citizens of the United States and the State of New York.

    4.    That on July 21, 2007, plaintiff, BRIAN WALSH, was injured while he was a fare-paying passenger of KONINKLIJKE LUCHTVAART MAATSCHAPPIJ N.V. a/k/a KLM ROYAL DUTCH AIRLINES ("KLM"), Flight #KL0641, which was scheduled to depart Schiphol Airport, Amsterdam, The Netherlands, destined for John F. Kennedy International Airport, located in the City of New York, State of New York, United States.

    5.    That on July 21, 2007, plaintiff, BRIAN WALSH, was caused to suffer bodily injuries while in the process of embarking on KLM, Flight #KL0641, at Schiphol Airport, Amsterdam, The Netherlands.

6. That upon information and belief, at all times relevant herein, and at the time of the occurrence herein, defendant, KLM, was and still is a foreign business corporation duly organized and existing under the laws of a jurisdiction other than the State of New York.

7. That upon information and belief, at all times relevant herein, and at the time of the occurrence herein, defendant, KLM, maintained a place for the conduct of business in the State of New York.

8. That upon information and belief, at all times relevant herein, and at the time of the occurrence herein, defendant, KLM, was authorized to do business in the State of New York.

9. That upon information and belief, at all times herein relevant, and at the time of the occurrence herein, defendant, KLM, transacted and/or conducted business in the State of New York.

10. That upon information and belief, at all times relevant herein, and at the time of the occurrence herein, defendant, KLM, contracted to supply goods or services in the State of New York.

11. That upon information and belief, at all times relevant herein, and at the time of the occurrence herein, defendant, KLM, regularly did or solicited business or derived substantial revenue from services rendered in the State of New York.

12. The amount in controversy exceeds SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS exclusive of interest and costs.

13. Venue is founded upon 28 U.S.C. Section 1391 (a) and/or (b). Defendant, KLM, has sufficient contacts with the Southern District of New York.

## GENERAL ALLEGATIONS

14. That at all times relevant herein, and at the time of the occurrence herein, and on and prior to July 21, 2007, Defendant, KLM, was a common carrier, and an international airline which operated regularly scheduled passenger flights at Schiphol Airport, Amsterdam, The Netherlands.

15. On and prior to July 21, 2007, Defendant, KLM, was and is a commercial air carrier engaged in the business of carrying passengers for hire in interstate and international commerce.

16. On July 21, 2007, Defendant, operated a certain aircraft, known as KLM Flight #KL0641, which was scheduled to depart from Schiphol Airport, Amsterdam, The Netherlands, bound for John F. Kennedy International Airport, New York, New York, U.S.A.

17. That on July 21, 2007, plaintiff, BRIAN WALSH, was in the process of embarking upon KLM, Flight #KL0641, at Schiphol Airport under the direction, control and supervision of Defendant, KLM.

18. That on July 21, 2007, plaintiff, BRIAN WALSH, was walking in the boarding area and embarking onto Flight #KL0641 at Schiphol Airport under the direction, control and supervision of defendant, KLM, when he was caused to trip and fall due to a dangerous and unexpected condition in the area where passengers were in the process of embarking upon Flight #KL0641.

19. That by reason of the foregoing, plaintiff, BRIAN WALSH, was caused to sustain severe bodily injuries, pain, suffering, mental anguish, loss of enjoyment of life, disability, and pecuniary and economic losses. Upon information and belief, plaintiff's injuries are permanent in nature.

20. That plaintiff(s) will invoke all applicable provisions of law relating to damages which are available to him.

### FIRST CAUSE OF ACTION

21. Plaintiffs repeat, reiterate and reallege each and every previous paragraph of this complaint, with the same force and effect as if fully set forth herein at length.

22. That the said trip and fall and resulting bodily injuries occurred in the boarding area for KLM Flight #KL0641 at Schiphol Airport while plaintiff, BRIAN WALSH, was in the process of embarking upon the said KLM flight.

23. That KLM is subject to the terms of the Warsaw Convention treaty and/or the Montreal Convention, and/or the International Air Transport Association Inter-carrier Agreement on Passenger Liability, which, upon information and belief, defendant, KLM, signed in or after 1996, and additionally to all applicable law providing for recovery of damages under the circumstances presented herein.

24. That plaintiff, BRIAN WALSH's aforesaid "trip and fall" resulted from an unexpected or unusual event or happening which qualifies as an "accident" under the Warsaw and/or Montreal Conventions and that no act or omission on the part of plaintiff caused or contributed thereto.

25. That as a direct and proximate result of the said accident, plaintiff, BRIAN WALSH, sustained serious and diverse bodily injuries.

26. That by reason of the foregoing, defendant, KLM, is liable to the plaintiff in the sum of THREE MILLION ($3,000,000.00) DOLLARS exclusive of interest and costs.

### SECOND CAUSE OF ACTION

27. Plaintiffs repeat, reiterate and reallege each and every previous allegation of this complaint, with the same force and effect as if fully set forth herein at length.

28. At all times hereinafter mentioned, plaintiff, BARBARA WALSH, was and still is the lawful wedded wife of plaintiff, BRIAN WALSH, and as such, they cohabit together as husband and wife.

29. By reason of the foregoing, plaintiff, BARBARA WALSH, has and will be deprived of the society, services, care, comfort and consortium of her husband, BRIAN WALSH.

30. By reason of the foregoing, plaintiff, BARBARA WALSH, has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**WHEREFORE**, plaintiffs demand judgment against the defendant, KONINLKIJKE MAATSCHAPPIJ N.V. a/k/a KLM ROYAL DUTCH AIRLINES, on the First Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS, and on the Second Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, together with the costs and disbursements of this action.

### JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: Poughkeepsie, New York
March 11, 2009

> KELLY & MEENAGH, LLP
> Attorneys for Plaintiffs
> By: *[signature]*
> JOHN P. MEENAGH, JR. (9427)
> 135 North Water Street
> P.O. Box 1031
> Poughkeepsie, N.Y. 12602
> (845) 454-4244